IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| PETER BRUTUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| TRULIEVE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, PETER BRUTUS ("PLAINTIFF"), and files this Complaint against DEFENDANT, TRULIEVE, INC. ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney's fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated stores that sold marijuana, including a store in Gainesville, Florida, which is where Plaintiff performed most of the work that is the subject of this action.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5. At all relevant times, DEFENDANT acted through its officers, agents, servants, and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. At all relevant times, DEFENDANT was an employer within the meaning of the FLSA.

10. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

11. In or around June 2017, DEFENDANT hired PLAINTIFF to work as a security guard. DEFENDANT promoted PLAINTIFF to the position of product coordinator in early 2018 and PLAINTIFF continues to work for DEFENDANT at the time this action is brought.

12. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours in a week.

13. Throughout most of his employment, PLAINTIFF was paid on an hourly basis but he was not compensated for all the time he worked.

14. Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF for all of the hours he worked for DEFENDANT at a rate of one and one-half times his usual hourly rate when he worked more than 40 hours per week.

15. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

18. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

19. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive appropriate compensation.

20. During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half for all his hours when he worked more than 40

hours in a week. This included time spent by PLAINTIFF traveling for special assignments, responding to Human Resources inquiries after hours, attending meetings through TEAMS and other activities.

21. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

22. DEFENDANT'S failure to compensate PLAINTIFF for his overtime violates the provisions of the FLSA and the regulations thereunder.

23. DEFENDANT'S failure to compensate PLAINTIFF for his overtime was a willful and knowing violation of the Act.

24. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

25. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of one and one-half times his agreed hourly rate for the overtime hours he worked but for which he was not paid and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

26. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney's fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

27. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

28. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid an hourly rate for each hour he worked. This hourly rate varied between $16.80 and $18.20.

29. PLAINTIFF performed as agreed pursuant to his agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for all the time he worked. This includes time spent by PLAINTIFF traveling for special assignments, responding to Human Resources inquiries after hours, attending work meetings through TEAMS and other activities.

30. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, he has suffered delay in receipt of his wages and has been required to retain an attorney to help get his pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  June 27, 2022

                Respectfully submitted,

                **THE LAW OFFICE OF MATTHEW BIRK**

                **/s/ Matthew W. Birk**
                **Matthew W. Birk**
                Florida Bar No.:  92265
                309 NE 1st Street
                Gainesville, FL  32601
                (352) 244-2069
                (352) 372-3464 FAX
                mbirk@gainesvilleemploymentlaw.com
                ATTORNEYS FOR PLAINTIFF