UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PETER BRUTUS,

    Plaintiff,                                          CASE NO: 1:22-cv-00143-MW-GRJ

v.

TRULIEVE, INC.,

    Defendant.
_____/

**NOTICE OF FILING EXHIBIT A TO JOINT MOTION FOR APPROVAL OF SETTLEMENT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, TRULIEVE, INC., files this Notice of Filing Exhibit A to Joint Motion for Approval of Settlement and Supporting Memorandum of Law [D.E. 33].

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of March, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and a copy has been served on all parties to: Richard W. Smith, Esq.; NeJame Law, P.A.; richard@nejamelaw.com.

                                            /s/ Janet Goldberg McEnery
                                            JANET GOLDBERG McENERY, ESQUIRE
                                            Florida Bar No. 960380
                                            Primary e-mail:jmcenery@stearnsweaver.com
                                            Secondary:  klee@stearnsweaver.com
                                            **STEARNS WEAVER MILLER WEISSLER**
                                                **ALHADEFF & SITTERSON, P.A.**

401 East Jackson Street, Suite 2100 (33602)
Tampa, Florida  33601
Telephone:  (813) 223-4800
Facsimile:  (813) 222-5089
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PETER BRUTUS,

    Plaintiff,                              CASE NO: 1:22-cv-00143-MW-GRJ

v.

TRULIEVE, INC.,

    Defendant.
_____/

## FLSA/WAGE CLAIM SETTLEMENT AGREEMENT

    Trulieve, Inc. along with its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, attorneys, insurers, and assigns, and all of its current, former, and future owners, officers, directors, shareholders, members, partners, employees, agents, servants, attorneys, and assigns, are hereinafter collectively referred to as "Defendant."

    Peter Brutus, along with his heirs, successors, assigns, are hereinafter collectively referred to as "Plaintiff";

    WHEREAS, Plaintiff filed the above captioned lawsuit alleging unpaid wages and overtime (the "Lawsuit");

    WHEREAS, Defendant denies any obligation to Plaintiff including that Plaintiff was entitled to any overtime;

    WHEREAS, Plaintiff represents that the payments under this Agreement represent the full amount of wages, liquidated damages, and attorney's fees that he would be entitled to if he were to fully prevail on his overtime and wage claims and is not a compromise of his overtime or wage claims in any way;

    WHEREAS, Plaintiff represents that with the payments under this Agreement, he will have been paid for all hours worked and entitled to no additional compensation for his services provided to Trulieve; and

    WHEREAS, Plaintiff and Defendant have fully and finally resolved the above-captioned action and enter into this Agreement to memorialize the terms of settlement of his overtime and wage claims.

1

Initial   PB

NOW, THEREFORE, in consideration of the foregoing and the terms and conditions set forth in this Agreement, the Parties agree as follows:

1. **Recitals**. The recitals above are true and correct and are incorporated in this Agreement as material terms.

2. **Payments**. Defendant will pay Twelve Thousand and 00/100 Dollars ($12,000.00) divided as follows:

   a. A check in the amount of Five Thousand Five Hundred and 00/100 Dollars ($5,500.00), payable to Plaintiff, within 15 days after receipt of an Order from the Court dismissing the above-captioned action with prejudice, as alleged unpaid wages, less applicable taxes and withholdings, said amount which will be reported on an IRS Form W-2 issued to Plaintiff by Defendant;

   b. A check in the amount of Five Thousand Five Hundred and 00/100 Dollars ($5,500.00), payable to Plaintiff, within 15 days after receipt of an Order from the Court dismissing the above-captioned action with prejudice, as alleged liquidated damages, said amount which will be reported on an IRS Form 1099 issued to Plaintiff by Defendant;

   c. A check in the amount of One Thousand and 00/100 Dollars ($1,000.00), payable to Plaintiff's counsel, NeJame Law, within 15 days after receipt of an Order from the Court dismissing the above-captioned action with prejudice, as attorneys' fees and costs incurred on Plaintiff's behalf related to the claims released herein, said amount which will be reported on IRS Forms 1099 issued to Plaintiff and NeJame Law by Defendant.

As a condition to receipt of any payments set forth in this Agreement, Plaintiff must provide Defendant's counsel with executed IRS Form W-4; Plaintiff and NeJame Law must provide Defendant's counsel with executed IRS Forms W-9. All settlement checks shall be delivered to NeJame Law by mail.

3. **Release of Wage-Related Claims by Plaintiff**. In consideration of the promises herein, Plaintiff RELEASES, ACQUITS, FOREVER DISCHARGES, HOLDS HARMLESS, and covenants not to sue Defendant, and its corporate parents, subsidiaries, affiliates and related entities, all predecessors, successors and assigns of each of the foregoing, and all past and present representatives, insurers, agents, officers, directors, trustees, stockholders, members, and employees of Defendant, and all other entities referenced in this paragraph (collectively, the "Releasees") from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, arising out of or under the overtime or minimum wage provisions of the FLSA or any unpaid wages claims under any law. This release does not waive any alleged discrimination claim pending in state court, *Case No. 01-2021-CA-3097, Peter Brutus v. Trulieve, Inc., Alachua County, Florida, Eighth Judicial Circuit*, or the damages herein.

Initial  PB

4. **Notice of Settlement; Court Approval and Dismissal of Action**. Plaintiff agrees to fully and finally dismiss with prejudice the above-captioned action in its entirety. To effectuate such dismissal with prejudice, the Parties agree to file with the Court a Joint Notice that Plaintiff's claim was not compromised and request that the Court dismiss the above-captioned action in its entirety with prejudice (the Parties to bear their own costs, fees, and expenses except as otherwise set forth in this Agreement), and retain jurisdiction to enforce the terms of this Agreement. The Parties understand and agree that if the Court does not dismiss the above-captioned action in its entirety as to all parties with prejudice, then this Agreement shall be deemed null and void.

5. **No Other Parties With Interest In Settlement**.

    (a) Plaintiff is not aware of any individual or entity (other than himself and Defendant) that has any interest in the matters set forth in this Agreement. Plaintiff has the sole right and exclusive authority to execute this Agreement, and Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand relating to any matter covered by this Agreement. Plaintiff represents that the settlement proceeds are not subject to lien, levy, garnishment, or attachment by any individual or entity. Plaintiff represents that he is not presently a debtor in a pending bankruptcy proceeding and has not filed for bankruptcy at any time in the past seven (7) years.

    (b) Defendant has the sole right and exclusive authority to execute this Agreement, and has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

6. **Denial of Liability**. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by Defendant and is entered into by the Parties solely to end any controversy between them. Defendant expressly denies any and all wrongdoing and liability.

7. **Governing Law**. This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida, both substantive and remedial.

8. **Entire Agreement**. This Agreement represents the entire understanding and agreement between the Parties with respect to the claims released herein and there are no promises, agreements, conditions, undertakings, warranties, or representations, whether written or oral, express or implied, between the Parties with respect to the claims released by this Agreement other than as set forth herein. This Agreement cannot be amended, supplemented, or modified except by an instrument in writing signed by the Parties against whom enforcement of such amendment, supplement or modification is sought.

3

Initial  PB

9.  **Counterparts**. This Agreement may be executed in counterparts, and upon such execution shall be complete, and the terms, provisions and obligations set forth shall be in full force and effect.

10. **Prevailing Party Attorneys' Fees**. In any action relating to or arising out of enforcement of this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs at the trial court and appellate levels.

**IN WITNESS WHEREOF**, intending to be legally bound, Peter Brutus and Trulieve, Inc. execute this Agreement.

PETER BRUTUS

Date: 3/1/2023

TRULIEVE, INC.

By: _____
ERIC POWERS

Title: Chief Legal Officer

Date: 3/1/2023

4

Initial PB